Jeffrey N. Gesell (State Bar No. 200174)
jgesell@jonesturner.com
Mariyetta Meyers-Lopez (State Bar No. 244352)
mmeyers@jonesturner.com
William S. Hoang (State Bar No. 269791)
whoang@jonesturner.com
JONES TURNER, LLP
2 Venture, Suite 220
Irvine, California 92618
Tel: 949-435-4100
Fax: 949-435-4105

Attorneys for Plaintiff
OHIO SECURITY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>GOLD BEAK, INC., EMRAN KHUWAJA also known as EMERON KHUWAJA, and Does 1-30,<br><br>                    Defendants, | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF:**<br><br>1. **REGARDING DUTY TO PAY CLAIM (INSURABLE INTEREST)**<br><br>2. **REGARDING DUTY TO PAY CLAIM (PROPERTY AND "STOCK" OWNERSHIP)**<br><br>3. **REGARDING DUTY TO PAY CLAIM (FAILURE TO COOPERATE)**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff Ohio Security Insurance Company ("Plaintiff" or "Ohio Security") alleges as follows:

**PARTIES AND JURISDICTION**

1.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.  Ohio Security is, and at all times herein mentioned was, an insurance company incorporated in the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, and duly authorized to do, and doing, business in the State of California.

3.  Plaintiff is informed and believes and thereon alleges that Gold Beak, Inc., is, and at all times herein mentioned was, a California corporation with its principal place of business in Vernon, California.

4.  Plaintiff is informed and believes and thereon alleges that defendant Emran Khuwaja also known as Emeron Khuwaja is, and at all times herein mentioned was, an individual residing in the State of California, County of Los Angeles.

5.  Unless otherwise alleged, whenever reference is made in this Complaint to any act of any corporate or other business defendant, such allegation shall mean that such corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives who were acting within the actual or ostensible scope of their authority.

6.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1-30, inclusive, and therefore, sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when such have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of Defendants Does 1-15, inclusive, was the agent, servant, employee, representative, and/or joint venture of its co-defendants, and was acting in the course and scope of said agency and/or employment, under the direction and

control of its co-defendants, with their knowledge, consent, and approval, and each defendant has ratified the acts of its co-defendants as described herein.

7. This Court has jurisdiction to hear the claims alleged in this Complaint and is a court of competent jurisdiction to grant the relief requested.

## VENUE

8. Venue is proper in this District under 28 U.S.C. section 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## THE POLICY

9. Ohio Security issued an insurance policy No. BKS (19) 59 32 31 91 to Named Insured Gold Beak, Inc., a Corporation, with a policy period of November 13, 2018 to November 13, 2019 (the "Policy.")  A true and correct copy of the Policy is attached hereto as Exhibit "A" and is incorporated herein by reference.

10. The Policy was amended effective January 17, 2019. True and correct copies of the Policy Change Endorsement and attachment thereto are attached hereto as Exhibit "B" and are incorporated herein by reference.

11. The Policy identifies the Named Insured's business as "Wholesale trade of general items that would be sold to stores such as the 99 cent store."

12. The only location listed in the Policy, as amended effective January 17, 2019, is location 4601 S. Soto St., Building B, Vernon, CA 90058-2320.

13. Mr. Emran Khuwaja also known as Emeron Khuwaja is identified as a loss payee in the Policy.

## THE INSURANCE CLAIM

14. Gold Beak, Inc. submitted an insurance claim to Ohio Security, claiming loss(es) and damage(s) attributed to a January 27, 2019 event wherein a forklift impacted a water pipe at Gold Beak's leased storage facility located at 4601 S. Soto St., Building B, Vernon, CA 90058-2320.

///

15. Gold Beak, Inc. claims damage to/loss of property and/or "stock" attributable to the January 27, 2019 event, which property and/or "stock" was allegedly consigned to Gold Beak, Inc. by Emran Khuwaja pursuant to a Consignment Agreement. A true and correct copy of this purported agreement is attached hereto as Exhibit "C" and incorporated by reference herein.

16. Mr. Khuwaja has alleged that the property and/or "stock" he consigned to Gold Beak, Inc. and which was allegedly damaged during the January 27, 2019 event was owned by him through SRI Trading Co. and was abandoned to him.

17. Ohio Security is informed and believes and thereon alleges, that the property and/or stock which Mr. Khuwaja purportedly consigned to Gold Beak, Inc. and which was allegedly damaged during the January 27, 2019 event, may have belonged – in whole, or in part – to SRI Trading Co., a California Corporation, and potentially others, and may not have been abandoned.

## THE DIVORCE ACTION AND RELATED ACTIONS

18. Ohio Security is informed and believes and thereon alleges that on September 25, 2018, Mr. Khuwaja filed for dissolution from Ms. Salima Ladak in Los Angeles Superior Court, Case No. 18STFL11638 ("Dissolution Action").

19. Ohio Security is informed and believes and thereon alleges that Mr. Khuwaja, Ms. Ladak, and their family members have been engaged in several other California state court actions against one another ("Other Actions").

20. Ohio Security is informed and believes and thereon alleges that Mr. Khuwaja's and Ms. Ladak's property interests, including in real property, personal property, "stock," and including the ownership or other interests in SRI Trading Co. (including the property and "stock" of SRI Trading Co.), are being litigated by Mr. Khuwaja and Ms. Ladak in the Dissolution Action and potentially in one or more of the Other Actions.

21. Ohio Security is informed and believes and thereon alleges that Mr. Khuwaja's and Ms. Ladak's property interests, including in real property, personal

-4-
COMPLAINT

property, "stock," and including the ownership or other interests in SRI Trading Co. (including the property and "stock" of SRI Trading Co.), have not yet been resolved in the Dissolution Action or any of the Other Actions.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief Regarding Duty to Pay Emran Khuwaja, Gold Beak, Inc., and/or Does 1-5 and 16-20 Re: Insurable Interest)

22. Ohio Security realleges and incorporates by reference the allegations in paragraphs 1 through 21 above.

23. An actual case or controversy has arisen between the parties. Defendants maintain that, at all relevant times, the Consignment Agreement between Mr. Khuwaja and Gold Beak, Inc. was in full force and effect and that they had insurable interest in the property and "stock" at issue. Ohio Security, on the other hand, contends that the Consignment Agreement may not have been in full force and effect at all relevant times and that Defendants did not have insurable interest in some or all of the property and/or "stock" at all the relevant times, pursuant to, among others, Cal. Ins. Code, § 281.

24. Because there are actual disagreements as to the validity of the Consignment Agreement and the Defendants' insurable interest(s) under the Policy, Ohio Security seeks a declaratory judgment from the Court as to:

    a. the validity of the Consignment Agreement;

    b. the date on which the Consignment Agreement was entered into between Mr. Khuwaja and Gold Beak, Inc.

    c. whether Defendants had an insurable interest in the property and/or "stock" at issue at the time the Policy incepted;

    d. whether Defendants had an insurable interest in the property and/or "stock" at issue at the time of the January 27, 2019 event.

///
///

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Regarding Duty to Pay Emran Khuwaja, Gold Beak, Inc., and Does 1-10 and 16-25 Re: Property and "Stock" Ownership)

25. Ohio Security realleges and incorporates by reference the allegations in paragraphs 1 through 24 above.

26. An actual case or controversy has arisen between the parties. Defendants maintain that, at all relevant times, they owned the property or "stock" at issue. Ohio Security, on the other hand, contends that the Defendants may not have owned the property or "stock" at issue. Ohio Security further contends that it cannot determine whether Defendants, or any of them, owned the property and/or "stock" at issue and will be unable to reach that determination until the Court in the Dissolution Action decides on the rights and obligations, including various property rights of Mr. Khuwaja and Ms. Salima Ladak.

27. Because there are actual disagreements as to Defendants' property and/or ownership rights and/or interest under the Policy, Ohio Security seeks a declaratory judgment from the Court as to the ownership rights and/or interests, at all the relevant times, in the property and/or "stock" and/or other property at issue in the claim.

## THIRD CLAIM FOR RELIEF

(Declaratory Relief Regarding Duty to Pay Emran Khuwaja, Gold Beak, Inc., and Does 1-10 and 16-25 Re: Property and "Stock" Ownership)

28. Ohio Security realleges and incorporates by reference the allegations in paragraphs 1 through 24 above.

29. As part of Gold Beak, Inc.'s claim in connection with the January 27, 2019 event, Ohio Security requested various documents and records from Gold Beak, Inc. pursuant to the policy provisions which require Gold Beak, Inc. to cooperate in Ohio Security's investigation of the claim and to provide books and records requested by Ohio Security.

30. Despite Ohio Security's requests for books and records, Gold Beak, Inc. has withheld and continues to withhold relevant records which would assist Ohio Security in investigating and adjusting the claim at issue.

## PRAYER

WHEREFORE, Ohio Security prays for judgment against the Defendants as follows:

1. For a determination that Ohio Security has no duty to pay any portion of the claim in connection with the January 27, 2019 event; or in the alternative,

2. For a declaration establishing whether or not the Consignment Agreement is valid and, if so, the date on which this agreement was entered into between Mr. Khuwaja and Gold Beak, Inc.

3. For a declaration establishing whether or not Mr. Khuwaja and Gold Beak, Inc. had an insurable interest in the property and/or "stock" at the time the Policy incepted and at the time of the January 27, 2019 event.

4. For a declaration establishing whether or not Mr. Khuwaja and Gold Beak, Inc. had ownership of the property and/or "stock" at issue at the time the purported Consignment Agreement was entered into; at the time the Policy incepted; and at the time of the January 27, 2019 event, and the extent of that ownership/ those ownership rights.

5. For costs of suit incurred herein;

6. For such other and further relief as the Court deems just and proper.

DATED:  October 23, 2020                JONES TURNER, LLP

**/s/Jeffrey N. Gesell**
Jeffrey N. Gesell
Mariyetta A. Meyers-Lopez
Attorneys for Plaintiff OHIO SECURITY INSURANCE COMPANY

# DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. Proc. 38, 39, and Local Rule 38-1, Ohio Security Insurance Company asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues triable to a jury.

DATED: October 23, 2020         JONES TURNER, LLP

**/s/Jeffrey N. Gesell**
Jeffrey N. Gesell
Mariyetta A. Meyers-Lopez
Attorneys for Plaintiff OHIO SECURITY INSURANCE COMPANY