1  Jeffrey N. Gesell (State Bar No. 200174)
   jgesell@jonesturner.com
2  Mariyetta Meyers-Lopez (State Bar No. 244352)
   mmeyers@jonesturner.com
3  JONES TURNER, LLP
   2 Venture, Suite 220
4  Irvine, California 92618
   Tel: 949-435-4100
5  Fax: 949-435-4105

6  Attorneys for Plaintiff
7  OHIO SECURITY INSURANCE COMPANY

8  Gregory B. Byberg, Esq. (SBN 162874)
   LAW OFFICES OF GREGORY B. BYBERG
9  8055 W. Manchester Ave., Suite 350
   Playa Del Rey, California 90293
10 Telephone: (310) 305-8280
   Facsimile: (310) 821-8275

11
   Attorney for Defendants
12 GOLD BEAK, INC., EMRAN KHUWAJA

13

14                UNITED STATE DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16 OHIO SECURITY INSURANCE          Case No. CV 20−9761−JFW (JCx)
   COMPANY,
17                                  (District Judge John F. Walter)
           Plaintiff,
18                                  **JOINT RULE 26(f) REPORT**
19 v.
                                    **Scheduling Conf. Date**: April 19, 2021
20 GOLD BEAK, INC., EMRAN           **Scheduling Conf. Time**: 1:15 p.m.
   KHUWAJA also known as EMERON
21 KHUWAJA, and Does 1-30,
                                    First Amended Complaint Filed:
22         Defendants.              11/09/2020

23

24

25       Plaintiff, Ohio Security Insurance Company ("Plaintiff") and defendants,

26 Gold Beak, Inc. ("Gold Beak") and Emran Khuwaja ("Khuwaja") (collectively

27 "Defendants") (the parties are collectively referred to as the "Parties"), by and

28 through their respective undersigned counsel, hereby respectfully submit the

                                      1

following Joint Rule 26(f) Report following a March 19, 2021 Zoom Conference between Counsel for the Parties.

I. **BASIS FOR THE COURT'S SUBJECT MATTER JURISDICTION; PERSONAL JURISDICTION/VENUE; SERVICE**

**The basis for the Court's subject matter jurisdiction**: The basis for the Court's subject matter jurisdiction is 28 U.S.C., § 1332 in that it is a civil action between citizens of different states or a citizen of a U.S. state, on the one hand, and a citizen of a different U.S. state and a citizen of a foreign state, on the other hand, and the amount of controversy exceeds the sum of $75,000, exclusive of interest and costs.

Plaintiff Ohio Security Insurance Company is an insurance company incorporated in the State of New Hemisphere with its principal place of business in Massachusetts and is duly authorized to do, and doing business, in the State of California. Defendant Gold Beak is a California corporation with its principal place of business in Vernon, California. Mr. Khuwaja is a citizen of a foreign country and is domiciled in the State of California. Accordingly, there is complete diversity between the parties.

**Personal Jurisdiction and Venue**: No issues exist regarding personal jurisdiction or venue.

**Service**: Service on the named defendants, Gold Beak, Inc. and Mr. Emran Khuwaja has been completed.

II. **CHRONOLOGY OF THE FACTS AND PRINCIPAL FACTUAL ISSUES IN DISPUTE**

**Brief Chronology of the Facts:**

***Facts Relating to the Insurance Claim***

Plaintiff issued an insurance policy to Gold Beak with a policy period of November 13, 2018 to November 13, 2019, which identifies Mr. Khuwaja as a loss payee (FAC, ¶¶ 9, 13). Gold Beak subsequently submitted an insurance claim to

Ohio Security, claiming loss(es) and damage(s) attributable to a January 27, 2019 event wherein a forklift impacted a water pipe at Gold Beak's leased storage facility located at 4601 S. Soto St., Building B, Vernon, CA 90058-2320 (*Id.*, ¶ 14).

Gold Beak claims damage to/loss of property and/or "stock" attributable to the January 27, 2019 event, which property and/or "stock" was allegedly consigned to Gold Beak by Mr. Khuwaja pursuant to a Consignment Agreement on November 1, 2018, a copy of which is attached to the FAC (*Id.*, ¶ 15). Mr. Khuwaja has alleged that the property and/or "stock" he consigned to Gold Beak and which was allegedly damaged during the January 27, 2019 event was owned by him through SRI Trading Co. ("SRI") and was abandoned to him by his estranged wife, a former business partner. (*Id.*, ¶ 16).

Plaintiff is informed and believes and thereon alleges that the property and/or stock which Mr. Khuwaja purportedly consigned to Gold Beak and which was damaged during the January 27, 2019 event, may have belonged – in whole or in part – to SRI, and potentially others, and may not have been abandoned. (*Id.*, ¶ 17). In their Answer, Defendants admit the allegations of paragraphs 9, 14, 15, and 16.

### *Facts Relating to the Divorce and Other Actions*

Plaintiff is informed and believes and thereon alleges that on September 25, 2018, Mr. Khuwaja filed for dissolution from Ms. Salima Ladak in Los Angeles Superior Court, Case No. 18STFL11638. ("Dissolution Action) (FAC, ¶ 18). Plaintiff is informed and believes and thereon alleges that Ms. Ladak and her family members have been engaged in several other California state court actions against one another ("Other Actions"). (*Id.*, ¶ 19).

Plaintiff is informed and believes and thereon alleges that Mr. Khuwaja's and Ms. Ladak's property interests, including in real property, personal property, "stock," and including ownership and other interests in SRI (including the property and "stock" of SRI) are being litigated by Mr. Khuwaja and Ms. Ladak in the Dissolution Action and potentially in one or more of the Other Actions. (*Id.*, ¶ 20).

Plaintiff is informed and believes and thereon alleges that Mr. Khuwaja's and Ms. Ladak's property interests, including in real property, personal property, "stock," and including ownership or other interests of SRI (including the property and stock of SRI) have not yet been resolved in the Dissolution Action or any of the Other Actions. (*Id.*, ¶ 21).Defendants admit the allegations of paragraphs 18 and 19.

### **Defendant's Certification and Notice of Interested Parties**

Defendants' Certification and Notice of Interested Parties lists the following:

| | |
|---|---|
| "Emran Khuwaja | Defendant |
| Salima Ladak: | Estranged Wife of Defendant Khuwaja and co-insured |
| SRI Trading Co. | Corp. run by Salima Ladak" |

### **Statement of Principal Factual Issues in Dispute:**

**Legal issues:** The Parties agree that the principal issues in dispute in this matter are *legal*, and many of those *legal* disputes will be impacted by the state courts' decision(s) regarding property and "stock" ownership/ rights in the Dissolution Action and the Other Actions, including related and/or consolidated actions. The Parties also agree that, in light of the foregoing, a stay of the subject action is warranted; that a stay would conserve judicial resources and save costs; and that a stay would also permit the legal issues in the Dissolution Action and/or Other Actions to be decided, such that this action would be able to proceed expeditiously thereafter.

A Trial Setting Conference is scheduled in the Dissolution Action (and presumably the consolidated actions) for August 16, 2021. The Parties, therefore agree that this action should be stayed for a period of five months pending the outcome of the Trial Setting Conference; that the Parties should return to this Court after the five-month period for a Status Conference; and that this matter should thereafter continue to be stayed pending the outcome of trial – and possibly appeal –

in the Dissolution Action [and potentially the related Other Actions] or the resolution of the factual and legal issues pertinent to the declaratory relief action.

**Principal factual issues in dispute**: In addition to the legal issues in dispute, the following are the principal (through not all) disputed factual issues:

1) Facts surrounding the ownership/ ownership rights/ ownership interest(s) of – and Mr. Khuwaja's and Gold Beak's insurable interests in – the property and "stock" purportedly owned by Mr. Khuwaja, SRI, Gold Beak, and other persons and entities involved in the Dissolution Action and Other Actions at all pertinent times;

2) Facts surrounding the purported abandonment of "stock" and "property" to Mr. Khuwaja by Ms. Ladak, SRI, and potentially other persons and entities involved in the Dissolution Action and Other Actions;

3) Facts surrounding the location and contents of a computer or multiple computers and/or computer programs which contain business information relating to the property and "stock" which property and "stock" was owned by Mr. Khuwaja and/or Ms. Ladak and/or SRI and/or and potentially other persons and entities involved in the Dissolution Action and Other Actions;

4) Facts surrounding the lease of the storage facility located at 4601 S. Soto St., Building B, Vernon Ca 90058-2320;

5) Facts surrounding the Consignment Agreement, including the date of the signing of the same;

6) Facts surrounding and relating to the valuation of the property and/or stock involved in the January 27, 2019 event;

7) Facts surrounding Defendants' claimed losses;

8) Facts surrounding and relating to Mr. Khuaja's and Gold Beak's cooperation with Ohio Security's investigation of the claim.

Depending on the outcome of the Dissolution Action, the Other Actions, or issues raised therein, there may be further issues in dispute.

### III.   BRIEF STATEMENT OF DISPUTED POINTS OF LAW

The principal (though not all) disputed legal issues are as follows:

1) Whether the Consignment Agreement is valid;

2) Whether, at all the relevant times, Mr. Khuwaja had an insurable interest in the property he purportedly consigned to Gold Beak;

3) Whether, at all the relevant times, Gold Beak had an insurable interest in the property involved in the January 27, 2019 event;

4) The ownership/ownership right(s)/ownership interest(s) in the property and/or stock insured under the Policy;

5) The ownership/ownership right(s)/ownership interest(s) in the property and/or stock involved in the January 27, 2019 event;

6) Whether Mr. Khuwaja's ex-wife Ms. Ladak, SRI, or some other person or entity abandoned the "stock" and/or property involved in the January 27, 2019 event to Mr. Khuwaja;

7) Whether Ohio Security has a duty to indemnify in connection with the January 2019 event;

8) If Ohio Security has a duty to indemnify in connection with the January 2019 event, whom does it have a duty to indemnify and for what claim components?

9) Whether Ohio Security has a duty to indemnify in connection with the January 2019 event in light of Defendants' non-cooperation under the Policy;

10) The res judicata or some other binding effect of the decisions in the Dissolution Action and/or Other Actions on Mr. Khuwaja in this action.

Depending on the outcome of the Dissolution Action, the Other Actions, or issues raised therein, there may be further issues in dispute.

### IV.   ALL PRIOR AND PENDING MOTIONS

The Parties have not filed any motions. While the Parties may need to file dispositive motions down the road, none are currently planned. The Parties will be filing a Stipulation to Stay the case.

### V.   PARTIES, CLAIMS/DEFENSES, AND AMENDMENTS

At this time, the Parties do not anticipate adding further parties, claims, or defenses. However, in light of the fact that there are multiple other cases that may impact this litigation, including the Dissolution Action, Plaintiff cannot eliminate the possibility that additional parties may need to be added, depending on the outcome of – at least – the Dissolution Action.

### VI.   INITIAL DISCLOSURES

The Parties discussed Initial Disclosures at the meeting of counsel. At this time, the Parties believe that all discovery – including Initial Disclosures – should be stayed pending the outcome of trial in the Dissolution Action.

## VII. DISCOVERY, TO DATE

The Parties discussed Discovery at the meeting of counsel. At this time, the Parties believe that all discovery should be stayed pending the outcome of trial in the Dissolution Action. Following the lifting of the stay, the Parties propose holding another conference wherein they will discuss – and agree on – the scope of anticipated discovery, any proposed limitations or modifications of the discover rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

## VIII. RELATED CASES AND PROCEEDINGS

There are a number of related cases. The principal related case is the Dissolution Action, currently pending in Los Angeles Superior Court, Case No. 18STFL11638. That case was consolidated with Los Angeles Superior Court Case Nos. 18STRO07219 and 18SMRO00431 and was ordered related with Los Angeles Superior Court Case No. 19STRO07475. There is also a matter on appeal, *Khuwaja v. Ladak,* B306357 – which has been consolidated with Case No. B306355 (involving further Other Actions). Appellant's Opening Brief in that matter is scheduled to be filed on May 12, 2021.

There may be further Other Actions involving Mr. Khuwaja, Ms. Ladak, their family members, and related entities still pending in Los Angeles Superior Court or on Appeal.

## IX. ALL RELIEF SOUGHT BY THE PARTIES

Ohio Security seeks declaratory relief.

## X. CERTIFICATION OF INTERESTED PARTIES

All Parties have filed the Certification of Interested Parties or Persons required by the Local Rules. Pursuant to the Court's Order (ECF No. 28), the Parties hereby restate the contents of their certifications.

**Plaintiff**: Pursuant to Local Rule 7.1-1, the undersigned, counsel of record for Ohio Security Insurance Company, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These

representations are made to enable the Court to evaluate possible disqualification or recusal.

Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc.

LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group Inc.

Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company and Employers Insurance Company of Wausau.

Liberty Mutual Insurance Company owns 78%, Liberty Mutual Fire Insurance Company owns 6%, Peerless Insurance Company owns 8% and Employers Insurance Company of Wausau owns 8% of the stock of Ohio Casualty Corporation.

Ohio Casualty Corporation owns 100% of the stock of The Ohio Casualty Insurance Company.

The Ohio Casualty Insurance Company owns 100% of the stock of Ohio Security Insurance Company.

**Defendants**:

| | |
|---|---|
| Ohio Security Insurance Company | Plaintiff |
| Emran Khuwaja | Defendant |
| Salima Ladak | Estranged Wife of Defendant Khuwaja and co-insured |
| SRI Trading Co. | Corp. run by Salima Ladak |

### XI. LAST DATE FOR COMPLETION OF DISCOVERY, MOTIONS, PRETRIAL CONFERENCE

At this time, the Parties believe that this action should be stayed pending the outcome of trial, and potentially the appeal, in the Dissolution Action. Following the lifting of the stay, the Parties propose holding another conference wherein they will

discuss – and agree on – the completion of discovery and the hearing of motions, a date for the final pretrial conference, and a trial date.

## XII. TRIAL

At this time, the Parties anticipate having a jury trial on all issues triable to a jury with a 7–10-day trial estimate.

## XIII. EFFORTS MADE AT CASE RESOLUTION

At the meeting of Counsel, the Parties discussed resolution of this matter and are open to mediation. The Parties are awaiting the outcome of the August 2021 hearing in the Dissolution Action to determine the time frame for mediation.

## XIV. COMPLEX LITIGATION

This case is not complex.

## XV. DISPOSITIVE MOTIONS

While the Parties may need to file dispositive motions down the road, none are currently planned. The Parties will be filing a Stipulation to Stay the case pending the outcome of the Dissolution Action.

## XVI. UNUSUAL LEGAL ISSUES

While this case does not present unusual legal issues per se, the existence and scope of the Dissolution Action and the potential impact of the rulings therein on the subject action presents unusual issues. In order to minimize the impact on judicial resources and to save the Parties' costs, the Parties will be filing a motion to stay.

## XVII. PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF

At this time, the Parties believe that this action should be stayed pending the outcome of trial, and potentially the appeal, inthe Dissolution Action. Following the lifting of the stay, the Parties propose holding another conference wherein they will discuss – and attempt to agree on – the issues of severance, bifurcation, or other ordering of proof.

XVIII. CONFIRMATIONS/CERTIFICATIONS

Jeffrey N. Gesell, lead counsel for Plaintiff and Gregory B. Byberg, lead counsel for the Defendants, hereby certify that they are registered as ECF Users. Their E-Mail Addresses of Record are as follows:

Jeffrey N. Gesell: jgesell@jonesturner.com

Gregory B. Byberg: bybergg@yahoo.com

Respectfully submitted,

Dated: April 5, 2021                JONES TURNER, LLP

**/s/Jeffrey N. Gesell**
Jeffrey N. Gesell
Attorneys for Plaintiff
Ohio Security Insurance Company

Dated: April 5, 2021                LAW OFFICES OF GREGORY B. BYBERG

 **/s/Gregory B. Byberg**
Gregory B. Byberg
Attorneys for Defendants
Gold Beak Inc. and Emran Khuwaja

**ATTESTATION REGARDING SIGNATURES**

I, Jeffrey N. Gesell, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 5, 2021                JONES TURNER, LLP

/s/Jeffrey N. Gesell
Jeffrey N. Gesell